**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4354**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

RAYMOND ELMO DESKINS, III,

                Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Liam O'Grady, District Judge. (1:11-cr-00418-LO-1)

Submitted: November 27, 2012      Decided: January 3, 2013

Before WILKINSON, DIAZ, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Alan H. Yamamoto, Alexandria, Virginia, for Appellant. Neil H. MacBride, United States Attorney, Paul J. Nathanson, Kosta S. Stojilkovic, Assistant United States Attorneys, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Raymond Elmo Deskins, III, was convicted of nine counts of mail fraud, in violation of 18 U.S.C.A. § 1341 (West Supp. 2012), and three counts of making false statements in order to receive government benefits, in violation of 18 U.S.C. § 1920 (2006). Deskins was sentenced to twenty-four months' imprisonment and ordered to pay restitution in the amount of $623,438.08. On appeal, Deskins argues that there was insufficient evidence to support his convictions and that the district court erred in determining the amount of loss attributable to his fraud. We affirm.

This court reviews the denial of a Fed. R. Crim. P. 29 motion de novo. United States v. Alerre, 430 F.3d 681, 693 (4th Cir. 2005). We will uphold a conviction in the face of a challenge to the sufficiency of the evidence if "there is substantial evidence, taking the view most favorable to the Government, to support it." United States v. Abu Ali, 528 F.3d 210, 244 (4th Cir. 2008) (internal quotation marks and brackets omitted). We will not weigh evidence or review witness credibility. United States v. Wilson, 118 F.3d 228, 234 (4th Cir. 1997).

The Government presented ample evidence that Deskins made materially false statements in connection with a scheme to defraud the government of benefits to which he was not entitled,

2

benefits for which Deskins re-applied and received through the mail. After a complete review of the testimony, we conclude that there was sufficient evidence from which a factfinder could find Deskins guilty of all counts. See United States v. Wynn, 684 F.3d 473, 477-78 (4th Cir. 2012) (discussing elements of mail fraud); United States v. Harms, 442 F.3d 367, 372-73 (5th Cir. 2006) (setting forth elements of § 1920 offense). We therefore affirm his convictions.

Deskins next challenges the district court's loss determination. "We review for clear error the district court's factual determination of the amount of loss attributable to [Deskins], mindful that the [district] court need only make a reasonable estimate of the loss[.]" United States v. Cloud, 680 F.3d 396, 409 (4th Cir. 2012) (citation and quotation marks omitted), cert. denied, __ U.S. __, 81 U.S.L.W. 3164 (U.S. Oct. 1, 2012). This court reviews orders of restitution for abuse of discretion. See United States v. Llamas, 599 F.3d 381, 391 (4th Cir. 2010).

The district court calculated the amount of loss at $623,438.08 and ordered restitution in the same amount. We have reviewed the record and conclude that the district court did not clearly err in its factual finding that Deskins was not entitled to any benefits after the fraudulent scheme began in 2005. Because Deskins was not entitled to any benefits after 2005, the

3

district court did not err in determining the amount of loss to be the full amount of benefits paid after that time. We thus affirm Deskins's sentence.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4